UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| URL PHARMA, INC., MUTUAL PHARMACEUTICAL COMPANY, INC. AND UNITED RESEARCH LABORATORIES, INC., <br><br> **Plaintiffs,** <br><br> -against- <br><br> RECKITT BENCKISER INC., <br><br> **Defendant.** | Case No. 15-cv-00505(PBT) <br><br> Hon. Petrese B. Tucker |

**DEFENDANT RECKITT BENCKISER INC.'S OPPOSITION
TO PLAINTIFFS' MOTION FOR A RULE 16(a) CONFERENCE**

Defendant Reckitt Benckiser Inc. ("Defendant" or "RB"), through its counsel Bazelon Less & Feldman P.C. and Arent Fox LLP, hereby respectfully submits this memorandum of law in opposition to the motion by Plaintiffs URL Pharma, Inc., Mutual Pharmaceutical Company, Inc., and United Research Laboratories, Inc. (collectively "Plaintiffs" or "Mutual") to schedule a discovery conference pursuant to Federal Rule of Civil Procedure 16(a) while the motion to dismiss the Complaint in its entirety is *sub judice*.

**ARGUMENT**

**I. This Court's Procedures Do Not Provide For A Discovery Conference Before An Answer To The Complaint Is Filed**

Mutual made an application to this Court for a Fed. Rule Civ. P. 16(a) discovery conference without troubling to review or refer to this Court's Policies and Procedures for guidance. The Court's Pretrial Procedures at Section 1 state that "Judge Tucker regularly schedules an in-person initial pretrial conference **soon after the answer is filed**...." (Judge Tucker Civil Cases, Pretrial Procedures, 1. Pretrial Conferences (emphasis added).)

The Court's Procedure is plain and its purpose clear. Until an Answer to the Complaint is filed, discovery would impose unnecessary work and expenditure of judicial resources upon the Court and would cause needless expense to the parties where, as here, an implausible Complaint that fails to state a claim is being tested by a pending motion to dismiss. Indeed, Chief Judge Tucker's Procedure mirrors those of many other judges in the Eastern District.[1] RB therefore opposes upending this salutary and sensible rule.[2]

## II.   The Proposed Discovery Is Far-Reaching And Unnecessary At This Juncture

It is well settled that costly discovery should be postponed until after the pleadings are tested in order to avoid the *in terrorem* effect that would otherwise incentivize the filing of sham lawsuits. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007) (something beyond mere possibility "must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (affirming district court's stay of discovery while motion to dismiss pending). Furthermore, "proceeding to antitrust discovery can be expensive." *Twombly*, 550 U.S. at 558.

---

[1] *See, e.g.*, Individual Rules ("IR") of Hon. Joseph F. Leeson, Jr., II.B.1 ("The initial pretrial conference pursuant to Rule 16… will be scheduled once an answer is filed…."); IR of Hon. Edward G. Smith, J., II.B (same); IR of Hon. L. Felipe Restrepo II.A ("If a motion to dismiss has been filed, a Rule 16 conference will generally not be held until the motion to dismiss is resolved."); IR of Hon. Juan. R. Sanchez, II.B ("Judge Sanchez will schedule a Rule 16 conference once an answer is filed…."); IR of Hon. Paul S. Diamond ("Judge Diamond will hold a Rule 16 pretrial conference as soon as possible after the answer to the complaint is served."); IR of Hon. James Knoll Gardner, 1 ("The conference is usually held after the issue has been joined or the pleadings are otherwise closed."); IR of Hon. Legrome D. Davis, Conferences 1 ("Judge Davis schedules an initial Rule 16 conference within thirty days of the filing of the answer.").

[2] Contrary to footnote 2 of Mutual's application, the parties did indeed discuss settlement for several months leading up to the filing of its antitrust Complaint and further discussions now would be fruitless, as Mutual's counsel also admitted in discussions leading to RB's unopposed motion for leave to file a reply brief. *See* ECF #22 at ¶ 3, n. 1.

A cursory review of the premature discovery which Mutual seeks (Ex. B to Mutual's application) shows that it is far-reaching and covers many subjects well beyond the claims alleged. For example, Mutual literally seeks, among other things, all supply agreements with any company for any and every drug made by RB, not just Mucinex (*see id.* at Doc. Req. 3), all documents with all third parties, including federal regulators, government agencies, investors or shareholders, regarding any of the myriad litigations involving Mucinex, not just the patent infringement case brought against Mutual (*see id*. at Doc Req. 4), and identification of anyone with facts or information regarding a legal question—namely whether the Settlement Agreement is too vague, ambiguous or incomplete to be enforceable (*see id*. at Interrogatory No. 2.). The sea of materials which this would engender RB to exhume is particularly onerous and inappropriate since the claims alleged should not survive the motion to dismiss. The Court is respectfully referred to RB's Memorandum and Reply Memorandum In Support of the Motion to Dismiss.

"[T]he purpose of Rule 12(b)(6) is to 'streamline litigation by dispensing with needless discovery and factfinding.'" *Clark v. Vernon*, 228 Fed Appx. 128, 133 (3d Cir. 2007) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)); *see also Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 72 (1st Cir. 2014) ("[A] primary purpose of a Rule 12(b)(6) motion is to weed out cases that do not warrant reaching the (oftentimes) laborious and expensive discovery process because, based on the factual scenario on which the case rests, the plaintiff could never win."). Those considerations are directly implicated here.

# **CONCLUSION**

For all of these reasons, Mutual's request for a Rule 16(a) conference should be denied and no conference should be scheduled unless and until an answer is filed in this case.

Dated: May 28, 2015

>Respectfully submitted,
>
> /s/ Richard L. Bazelon
>Richard L. Bazelon, Esq.
>Michael A. Shapiro, Esq.
>BAZELON LESS & FELDMAN, P.C.
>One South Broad Street, Suite 1500
>Philadelphia, PA 19107
>(215) 568-1155
>
>Bernice K. Leber, Esq. (pro hac vice)
>Michael P. McMahan, Esq. (pro hac vice)
>ARENT FOX LLP
>1675 Broadway
>New York, NY 10019
>(212) 484-3900
>*Counsel for Defendant Reckitt Benckiser Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 28, 2015 I caused true and correct copy of the foregoing Defendant Reckitt Benckiser Inc.'s Opposition to Plaintiffs' Motion for a Rule 16(a) Conference to be served upon the following counsel via the Court's ECF System:

John J. Grogan, Esq.
LANGER, GROGAN AND DIVER, PC
1717 Arch Street, Suite 4130
Philadelphia PA 19103
*Attorney for Plaintiffs*

<u>s/Richard L. Bazelon</u>
Richard L. Bazelon, Esq.
