

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

URL PHARMA, INC., MUTUAL )
PHARMACEUTICAL COMPANY, )
INC., and UNITED RESEARCH )
LABORATORIES, INC., )
                                ) Case No. 15-cv-505
      Plaintiffs, )
                                ) HON. PETRESE B. TUCKER
v. )
                                ) JURY TRIAL DEMANDED
RECKITT BENCKISER INC., )
      Defendant. )

## MUTUAL'S REPLY MEMORANDUM IN SUPPORT OF ITS REQUEST FOR A RULE 16(a) CONFERENCE

Plaintiffs URL Pharma, Inc., Mutual Pharmaceutical Company, Inc. and United Research Laboratories, Inc. (collectively herein, "Mutual") respectfully submit this reply memorandum in support of their request for a Rule 16(a) Conference.

Mutual has made a simple request: that this Court hold a Rule 16(a) conference to address scheduling and the possibility of prompt, but focused discovery. Mutual made the request because every day of delay in this litigation inflicts continued harm on Mutual and on consumers who continue to pay inflated prices for a valuable and widely used drug. Further, Mutual has alleged that Reckitt is using litigation delay to exploit its monopoly for as long as it can.

Reckitt's *only* response is that such conferences are not normally had at this juncture. In some cases, that may be correct, but it does not respond to Mutual's point: in this case, any delay matters greatly not only to Mutual but to innocent consumers.

Mutual's and the public's interest in moving this case forward is strong and for good reason. The positive impact of generic entry into the market place is well-documented. Generic entry occasions substantial drops in prices. *See* Ernst R. Berndt & Murray L. Aitken, *Brand Loyalty, Generic Entry and Price Competition in Pharmaceuticals in the Quarter Century after the 1984 Waxman-Hatch Legislation*, 18 INT'L J. ECON. BUS. 177, 177-201 (2011). Those beneficial price effects are felt almost immediately. *See* Atanu Saha et al., *Generic Competition in the US Pharmaceutical Industry*, 13 INT'L J. ECON. BUS. 15, 15-38 (2006). Accordingly, delay of even a few weeks or months has substantial consequences – in particular, it means that Mutual is not able to bring vigorous competition into the marketplace that will ultimately redound to the benefit of consumers in the form of more attractive prices and choice.

Here, delay very much matters to Reckitt too; the longer it can delay litigation, the longer Mutual's market entry is delayed, and the longer Reckitt improperly enjoys inflated and excessive profits. Put another way, delay rewards Reckitt.

Given the economic harms caused by delay and Mutual's allegation that Reckitt has schemed to unfairly profit from delay, early judicial attention in the form of a Rule 16(a) conference is fully warranted. The Court has ample authority to use the Rule 16(a) conference vehicle to address these concerns. *See generally* 3 Moore's Federal Practice § 16.03 (3d ed. 2015) (citing Fed. R. Civ. P. 16, advisory committee note of 1993); *Link v. Wabash R. R. Co.*, 370 U.S. 626, 630–631 (1962) (court has inherent power to manage its docket). In fact, courts are encouraged to move proactively. 3 Moore's Federal Practice § 16.03 (3d ed. 2015) ("after considering the inputs and needs of the parties, it is the court's responsibility to ensure that each case is positioned as quickly and as efficiently as possible for disposition.").

Reckitt spends most of its opposition brief fretting about the supposed potential cost and scope of discovery. This is a red herring. The point of the Rule 16(a) Conference is to address the relative positions of the parties including the need for immediate discovery and to ensure that, if warranted, such discovery is had in a cost-efficient and reasonable manner. If Reckitt is sincerely worried about discovery, it should welcome a conference. The fact that Reckitt so strongly opposes even so much as a conference is telling, and gives rise to the inference that Reckitt has a greater interest in interposing delay than addressing the merits of Mutual's claims.

Accordingly, Plaintiffs respectfully reiterate their request for a prompt Rule 16(a) conference to discuss scheduling including limited immediate discovery.

Dated: June 1, 2015

Respectfully submitted,

/s/ John J. Grogan
Daniel P. Shapiro (pro hac vice)
Stephen P. Benson (pro hac vice)
Kristina Y. Liu (pro hac vice)
Matthew M. Holub (pro hac vice)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe St. Suite 1900
Chicago, Illinois 60661
312-902-5200

John J. Grogan
Howard I. Langer
LANGER GROGAN & DIVER, PC
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
215-320-5662
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, I caused true and correct copies of MUTUAL'S REPLY MEMORANDUM IN SUPPORT OF ITS REQUEST FOR A RULE 16(A) CONFERENCE to be served upon all counsel of record via the CM/ECF system.

/s/ John J. Grogan

106605032